IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EDUARDO CANO,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 4:22-cr-00028-001-RJS<br><br>Chief District Judge Robert J. Shelby |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

　　☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

　　☐ Time served.

　　　　If the defendant's sentence is reduced to time served:

　　　　　　☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release.  The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____.

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

A court may only consider a defendant's motion if the defendant has fully exhausted all administrative remedies or if thirty days have lapsed without a response since the defendant has petitioned the warden for compassionate release.[1] Cano filed a request for a reduction of his sentence with the Warden at Federal Medical Center in Rochester, Minnesota.[2] The Warden denied this request on June 25, 2024.[3] Therefore, Cano has properly exhausted his claim under 18 U.S.C. 3582(c)(1)(A).

Nevertheless, Cano has not demonstrated the existence of "extraordinary and compelling reasons" that would warrant a reduction of his sentence.[4] Cano argues he has an extraordinary

---

[1] 18 U.S.C. § 3582(c)(1)(A).

[2] Dkt. 37-1, *Memorandum for Castrejon Cano, Eduardo re: Compassionate Release Request*.

[3] *Id*.

[4] 18 U.S.C. § 3582(c)(1)(A)(i).

and compelling reason justifying a sentence reduction: he is unable to accumulate First Step Act earned time credits because he has a final order of removal pending under immigration law.[5]

Courts use a three-step test to evaluate a motion for compassionate release under § 1382(c)(1)(A)(i).[6] The court must consider (1) whether "extraordinary and compelling reasons warrant a sentence reduction," (2) whether "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) whether a sentence reduction is warranted in under the particular circumstances of the case, in light of any applicable § 3553(a) factors.[7]

Here, Cano does not demonstrate that extraordinary and compelling reasons support a sentence reduction.[8] Cano relies[9] on *United States v. Perez Sanchez*[10] for the proposition that subjecting a defendant to more incarceration merely due to their immigration status constitutes an extraordinary and compelling reason to warrant sentence reduction. However, there, the defendant was not subject to a final order of removal. The court specifically noted that "earning and applying FSA credits" should be permitted "for as long as he is subject to *only an ICE detainer*."[11]

In any case, Cano's situation does not fall within the category of "extraordinary and compelling" as defined in the United States Sentencing Commission's policy statement.[12]

---

[5] Dkt. 37, *Memorandum of Law in Support of Defendant Eduardo Castrejon Cano's Motion for Compassionate Release/Sentence Reduction* (*Motion*).

[6] *See, e.g.*, *United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021).

[7] *Id.* (internal citations and quotations omitted).

[8] *See id.* at 1045 (noting district courts "have the authority to determine for themselves what constitutes extraordinary and compelling reasons.").

[9] *Motion* at 3.

[10] No. 16-CR-661-1 (ARR), 2024 WL 1069884 (E.D.N.Y. Mar. 12, 2024).

[11] *Id.* at *4 (explaining the difference between an ICE detainer and a final order of removal) (emphasis added).

[12] *See* USSG 1B1.13.

However, even if Cano had demonstrated the existence of extraordinary and compelling reasons, the court's consideration of the factors set forth in 18 U.S.C. § 3553(a) shows a sentence reduction would not be warranted here. In considering these factors, courts may consider post-offense developments.[13] According to the Government's First Step Act Relief Eligibility Report, Mr. Cano has received two disciplinary infractions while incarcerated stemming from unauthorized possession of a cellphone and postal stamps.[14] Thus, contrary to Cano's contention that he is a "model" prisoner that has not incurred "any incident report," the court cannot conclude that Cano has been rehabilitated.[15]

While the court recognizes and commends Cano's steps toward rehabilitation, such as participating in fitness, guitar, and barbershop classes offered at the prison,[16] his disciplinary record and the serious crime for which he was convicted do not suggest any reduction in sentence is warranted.

☐   DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

---

[13] *Pepper v. United States*, 562 U.S. 476, 490–93 (2011).

[14] Dkt. 38, *First Step Act Relief Eligibility Report* at 6.

[15] *Motion* at 5.

[16] *First Step Act Relief Eligibility Report* at 6.

## CONCLUSION

For the reasons explained above, Cano's Motion[17] for Compassionate Release is DENIED.

SO ORDERED this 14th day of November, 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[17] Dkt. 37.